UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **INTERACTIVE INTELLIGENCE, INC.,** ) | |
| ) | |
|    **Plaintiff,** ) | |
| ) | |
|       vs. ) | CAUSE NO.  1:05-cv-1518-LJM-WTL |
| ) | |
| **KEYCORP, et al.,** ) | |
| ) | |
|    **Defendants.** ) | |

## ENTRY ON MOTION TO COMPEL

This cause is before the Magistrate Judge on the Plaintiff's Motion to Compel Against Defendant KeyBank National Association and Request for Sanctions.  The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS IN PART AND DENIES IN PART** the motion for the reasons set forth below.  The Plaintiff's request for a status conference to discuss the issues raised in the motion to compel is **DENIED**.

KeyBank produced thousands of documents in electronic form after the Plaintiff filed the instant motion.  Accordingly, some of the issues raised in the motion are moot.  In addition, as a result of the meet and confer process between counsel, the Plaintiff agreed to narrow certain of its requests and propounded the narrowed requests in its Eighth Request for Production of Documents, which was were served on KeyBank after the instant motion was filed.  Obviously the Court cannot order KeyBank to respond to document requests that it had not yet received when the motion to compel was filed.  However, because the material requested in the new document requests is simply a subset of material requested in document requests that are properly before the Court, as a practical matter this Entry addresses the substance of the new requests as well as the old.

Any documents ordered produced in this Entry shall be served **within 21 days of the date of this Entry** unless otherwise noted.

Format of email and notes production: The Plaintiff complains that KeyBank has produced documents (emails and notes) in an unsearchable and unlabeled graphical (.tif) format. The Magistrate Judge agrees with the Plaintiff that Federal Rule of Civil Procedure 34(b), especially as recently amended, requires KeyBank to produce its emails (and any other document that is normally kept by KeyBank in electronic form) in the format in which they are ordinarily maintained by KeyBank or in some other reasonably usable format; .tif files, especially those with non-descriptive labels, do not fall into that category.  Further, the Plaintiff is correct that because KeyBank has not produced the documents in the manner in which they are kept in the usual course of business,[1] KeyBank must identify which documents are responsive to which of the Plaintiff's requests.

Plaintiff's request for " an electronic copy (e.g. spreadsheet) of excerpts of KeyBank's FX Database that has the transactions relating to Interactive, including KeyBank's 'wholesale rate'":
It is the Magistrate Judge's understanding that while Key Bank may have the ability to create such a spreadsheet, it does not maintain one in the ordinary course of its business and therefore does not "possess" one.   It appears that KeyBank has produced all of the information regarding the transactions that the Plaintiff seeks in both paper and electronic form, and it does not appear

---

[1]This does not refer to whether they are produced as a searchable database, but rather refers to the way in which the documents are organized.  For paper documents, that would mean maintaining KeyBank's file labels and file organization system; similarly, for emails it would mean maintaining any "folder" or other organizational system that might be used by KeyBank.

that the Plaintiff is asking for the information in the format in which KeyBank ordinarily maintains it.  Rather, the Plaintiff is asking KeyBank to use its database to prepare a report and then provide that report to the Plaintiff.  However, a party is not obligated to create a document that does not otherwise exist in order to aid its opponent in litigating its lawsuit.  The motion to compel is denied as to this issue.

KeyBank's marketing, advertising and promotional documents for FX transactions; documents relating to KeyBank's policies, procedures or practices relating to the spread to be charged between KeyBank and its FX customers; all documents regarding or relating to complaints from Interactive about foreign currency exchange; and documents acknowledging KeyBank's Code of Ethics signed by members of KeyBank's FX Department that either executed FX transactions for Interactive or supervised traders that executed FX transactions for Interactive:  The Plaintiff requested these materials as part of its Document Requests 3, 19, 29 and 31 (as well as narrower versions of these requests contained in its more recent set of requests) and moved to compel KeyBank to produce them in its motion; inasmuch as KeyBank did not address these specific categories of documents in its response, the motion to compel is granted as to these materials.

Bonus/Commission documents for KeyBank's FX traders that did FX transactions for Interactive:  The Plaintiff argues that this information is relevant

> to show the motivation of defendant Adam Ravens (and the other traders) to overcharge Interactive, and to show that KeyBank managers were aware of, and indeed, encouraged, overcharging. [F]or example, by comparing the sources of Ravens' bonus/commission calculations with those of other traders, it can be proven that KeyBank management knew or should have known that Ravens was overcharging, because his increasing commissions resulted from the application of excess commissions, as opposed to increasing the his [sic] quantity of FX services.

3

KeyBank responds that its FX traders did not receive commissions and that their year-end bonuses were not directly tied to the profitability and volume of their FX transactions. KeyBank states that it has produced the documents relating to the year-end bonus "incentive compensation" program and that no commission-related documents exist. Plaintiff is entitled to documents sufficient to show how any bonuses or "incentive compensation" payments were calculated for those FX traders who did transactions for Interactive during the relevant time period, as well as documents that explain any incentive programs for which those traders were eligible during the relevant time period. To the extent that those documents have not yet been produced, KeyBank shall produce them.

<u>Documents relating to lawsuits, dissatisfaction, or complaints about KeyBank's charges for FX rates from other customers</u>: The Plaintiff argues that these documents are relevant to show that KeyBank management were on notice that customers were being overcharged for FX transactions and negligently failed to act to prevent or stop the overcharges. The Magistrate Judge agrees that the Plaintiff is entitled to discovery regarding complaints of overcharges by other FX customers during the relevant time period, because this information is relevant to the issue of notice. The requested documents shall be produced.

<u>All versions of draft and final Codes of Ethics</u>: The Plaintiff is entitled to discover all versions of the Code of Ethics that were in place during the time it was conducting FX trading through KeyBank. Those documents shall be produced. The Plaintiff argues that it also is entitled to drafts of the various policies because those drafts "are instrumental in determining the intent of KeyBank in drafting the Code." However, absent a showing that the relevant provisions in the final versions of the Code are ambiguous, the draft versions are irrelevant.

Therefore, the motion to compel as to drafts is denied at this time.

FX transaction training materials, manuals, policies and procedures documents for FX transactions: KeyBank states that it has no documents that fall into this category; however, the Plaintiff has attached a document to its Reply that appears to be a responsive KeyBank document. Within 10 days of the date of this Entry, KeyBank shall file an affidavit (1) explaining whether it believes the document in question to be responsive and, if not, why; and (2) confirming that it does not have any (or any other) responsive documents or that all additional responsive documents have been produced.

Request for Sanctions: The Plaintiff's request for sanctions is deferred to the conclusion of this litigation.

SO ORDERED: 02/15/2007

_William T. Lawrence_

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com award@locke.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com
courtnotices@overhauser.com

Thomas E. Satrom
LOCKE REYNOLDS LLP
tsatrom@locke.com saddington@locke.com

Jeffrey N. Wilens
LAKESHORE LAW CENTER
jeff@lakeshorelaw.org