**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **INTERACTIVE INTELLIGENCE, INC.,** )<br>)<br>   **Plaintiff,** )<br>)<br>      vs. )<br>)<br>**KEYCORP, et al.,** )<br>)<br>   **Defendants.** ) | CAUSE NO.  1:05-cv-1518-LJM-WTL |

**ENTRY ON KEYBANK'S MOTION TO COMPEL**

This cause is before the Magistrate Judge on a motion to compel filed by Defendant KeyBank, N.A. ("KeyBank"). The motion is fully briefed, and the Magistrate Judge, being duly advised, **GRANTS** the motion for the reasons set forth below.

KeyBank seeks an order compelling Plaintiff Interactive Intelligence, Inc. ("Interactive") to produce documents responsive to its document request no. 8, in which it seeks "All documents concerning foreign exchange transactions involving payments for billings or invoices from [Interactive] billed or invoiced in dollars." On July 16, 2007, Interactive responded to this document request by stating that "the only foreign exchange transactions took place with KeyBank" and that documents relating to those transactions had been produced. In fact, however, Interactive had conducted foreign exchange transactions with at least one other bank (Fifth Third) after it stopped doing business with KeyBank in 2005. When questioned about this by KeyBank, Interactive then took the position that its dealings with Fifth Third were irrelevant to this case because "the Court has already ruled that business dealings between the parties and non-parties are irrelevant to this case."[1] Two days after receiving this response from Interactive,

---

[1] Presumably Interactive is referring to the Court's rulings denying class certification, which clearly are irrelevant to the present issue. In addition to being illogical, this suggestion by

KeyBank filed the instant motion to compel.

Interactive's only response to KeyBank's motion is that it should be denied as untimely because it was filed after the discovery deadline. That argument is without merit. There is no absolute requirement that motions to compel be filed prior to the discovery deadline; such a requirement would be unreasonable and impractical, inasmuch as it is not uncommon for discovery to be conducted (that is, discovery responses to be served and depositions to be taken) right up to the deadline. There is a requirement that motions to compel be filed with reasonable promptness, and the fact that the discovery deadline has expired is one factor which is considered in making that determination. In this case, KeyBank did not unreasonably delay when it took just over a month to review Interactive's responses, confer as required by Local Rule 37.1, and file its motion to compel.

Interactive asks in its response brief that it be granted leave to respond substantively to KeyBank's motion to compel if its timeliness objection is overruled. That request is denied. The substantive issues are not complex, and the parties had discussed them more than once before the motion was filed, so Interactive had plenty of time to formulate its arguments. There is simply no justification for giving Interactive a second opportunity to respond to KeyBank's motion.

As for the merits of KeyBank's argument, Interactive alleges in this case that KeyBank overcharged it for foreign-currency exchange transactions. KeyBank alleges that the documents it requests are relevant to the issue of damages in this case; specifically, that what Interactive agreed to pay to other providers after it stopped doing business with KeyBank is evidence of

---

Interactive of a blanket ruling of irrelevance also ignores the fact that Interactive sought, and was granted, discovery regarding complaints of overcharges made by other KeyBank customers.

what a "reasonable" fee is.  The Magistrate Judge agrees that the information sought by

KeyBank is relevant and discoverable.  Accordingly, the motion to compel is **GRANTED**.

Interactive shall provide a full and complete response to document request no. 8 **within 15 days**

**of the date of this Entry**.

       SO ORDERED:  10/18/2007

                                                  Hon. William T. Lawrence, Magistrate Judge
                                                  United States District Court
                                                  Southern District of Indiana

Copies to:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com

Thomas E. Satrom
LOCKE REYNOLDS LLP
tsatrom@locke.com

Dennis Scott Schell
OVERHAUSER LAW OFFICE
dschell@overhauser.com

Jeffrey N. Wilens
LAKESHORE LAW CENTER
jeff@lakeshorelaw.org