UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS  DIVISION


INTERACTIVE INTELLIGENCE, INC.,    )
         Plaintiff,              )
                               )
     vs.                     )         1:05-cv-1518-LJM-WTL
                               )
KEYCORP, KEYBANK NATIONAL     )
ASSOCIATION, and ADAM RAVENS,   )
         Defendants.         )


## ORDER ON MOTIONS FOR SUMMARY JUDGMENT

This cause is now before the Court on plaintiff's, Interactive Intelligence, Inc. ("Interactive"),

Motion for Partial Summary Judgment, defendants', KeyCorp and KeyBank National Association

(collectively, "KeyBank"), Motion for Summary Judgment, and defendant's, Adam Ravens

("Ravens") (all defendants, collectively, "Defendants"), Motion for Summary Judgment. Interactive

and KeyBank have also filed various Motions *in Limine* regarding admissibility of certain evidence

in support of the various pending motions.  The Court rules as follows.


## I.  DISCUSSION

Interactive has moved for summary judgment on three issues.  First, with respect to Count

I of its Second Amended Complaint, Interactive alleges that the Code of Ethics, which each of

KeyBank's employees must sign and by which they must abide, establishes a contract between

KeyBank and its employees.  Interactive contends that it is a third-party beneficiary of that contract.

Second, Interactive seeks summary judgment on Count II alleging that KeyBank breached a duty of

care by failing to train and supervise its employees regarding compliance with the Code of Ethics.

This, according to Interactive, is a negligence count.  Thus the Code of Ethics is alleged to establish a standard of conduct the breach of which is negligence.  Third, Interactive seeks judgment on the allegations in Count I that Richard Owen, David Renta and Ravens breached their contractual obligation to train and supervise their subordinates to comply with KeyBank's Code of Ethics.

KeyBank has moved for summary judgment on all counts of Interactive's Second Amended Complaint.  There are four counts left in the Interactive's Second Amended Complaint:  Count I, for breach of a third-party beneficiary contract; Count II, for negligence based on the breach of KeyBank's duty to train on and oversee the application of its Code of Ethics; Count IV, for breach of fiduciary duty; Count V for breach of an oral contract.

### A.  COUNT I ALLEGATIONS

Initially the parties dispute whether Interactive is a third-party beneficiary of KeyCorp's Code of Ethics.  The resolution of this question will resolve Interactive's Partial Motion for Summary Judgment on both its Count I allegations as set out above.  Interactive contends that it is a third-party beneficiary under a contract between KeyBank and its employees and that the contract is the promise by the employees to abide by the Code of Ethics.

Initially, the fact that the employees are employees at will and have in fact no contract of employment militates against Interactive's position. Furthermore, Interactive cites no law to support its position.  The Court found no cases to support the conclusion that a code of ethics in a work place makes a customer a third-party beneficiary of that code, which would  support a breach of contract action when a customer deems itself damaged thereby.  Such a result would discourage in-house codes of conduct, an arguably bad public policy result.  In addition, there are several valuable reasons

to have a code of conduct in a business setting, not all of which have to do with the customer.  The code of conduct cannot be said to be more than a condition of employment.

For these reasons, Interactive's Partial Motion for Summary on Count I is **DENIED**, and KeyBank's and Ravens' Motions for Summary Judgment on Count I are **GRANTED**.


## B.  COUNT II ALLEGATION

Next, the Court addresses Interactive's allegation that a breach of the Code of Ethics supports a cause of action for negligence against KeyBank.   A company's manual does not create a separate standard of care.  *See Wal-Mart Stores, Inc. v. Wright*, 774 N.E.2d 891, 894-95 (Ind. 2002) (citing 57A Am. Jur. 2d *Negligence* § 187, at 239 (1998); *Rupert v. Clayton Brokerage Co.*, 737 P.s2d 1106, 1111 (Colo. 1987); *Sherman v. Robinson*, 606 N.E.2d 1365, 1369 n.3 (1992); *Boutilier v. Chrysler Ins. Co.*, No. 8:99-cv-2270-T-26MAP, 2001 WL 220159, at *1 (M.D. Fla. Jan. 31, 2001).  The Second Amended Complaint is very specific.  It alleges that KeyBank breached a duty of care by failing to train and supervise its employees regarding compliance with the Code of Ethics. Interactive alleges that the creation of a Code of Ethics establishes a duty to plaintiff and the failure to train employees adequately about the application that code is a breach of that duty and, thus, negligent.  This is not the law.  *Wall-Mart Stores v. Wright*, 774 N.E.2d 891, 894 (Ind. 2002), makes it clear that a failure to follow a company rule may be considered by the jury, but it does not establish what the law requires of a reasonable person under the circumstances.  "The law has long recognized that failure to follow a party's precautionary steps or procedures is not necessarily failure to exercise ordinary care."  *Id.*  Thus, a claim alleging that KeyBank's failure to train employees on the Code

of Ethics must fall because a complaint of failure to abide by the Code of Ethics does not state a

cause of action for negligence.

For these reasons the Interactive's Partial Motion for Summary Judgment on Count II is

**DENIED** and KeyBank's Motion for Summary Judgment on Count II is **GRANTED**.


### C.  COUNTS IV & V

Having disposed of Interactive's Partial Motion for Summary Judgment in its entirety, the

Court turns to the two remaining causes of action pled and addressed in Defendants' Motions for

Summary Judgment.  The two remaining claims are for breach of an oral contract and for breach of

fiduciary duty.  Interactive alleges that an oral contract existed between it and the bank which was

breached by the conduct of Ravens and KeyBank.  Interactive also has alleged that KeyBank

breached a fiduciary duty owed to Interactive, a customer.

The basis for Interactive's breach of fiduciary duty claim is that KeyBank, through Ravens,

overcharged Interactive for foreign exchange services. The question is whether Defendants and their

customers were in a fiduciary relationship.  Defendant cites to *Wilson v. Lincoln Federal Savings*

*Bank*, wherein the statement is made that "a business or 'arms length' contractual relationship does

not give rise to a fiduciary relationship.  That is, the mere existence of a relationship between parties

of bank and customer or depositor does not create a special relationship of trust and confidence."

790 N.E.2d 1042,1046 (Ind. Ct. App 2003) (citations omitted).  Therefore, what is the basis for the

fiduciary duty in this case?

The only evidence that Defendants owed Interactive a fiduciary duty is supplied by the testimony of Interactive's expert.[1] Even assuming that Interactive's expert had the expertise in the relevant area to opine with some authority on the subject of fiduciary duties running from the bank to a customer, which this Court more than seriously doubts, the opinion simply is not the stuff of expert testimony. The only source of the opinion of the expert is his belief and speculation based upon his own anecdotal experience. Indeed, his affidavit does little more than make an argument for Interactive. Interactive has failed to establish that Defendants owed it a fiduciary duty. Therefore, Defendants' Motions for Summary Judgment on Count IV is **GRANTED**.

Count V, Interactive's claim for breach of oral contract, is governed by a six-year statute of limitations. Ind. Code § 34-11-2-7(1). The testimony of John Gibbs, co-founder and former Executive Vice President of Interactive, is that the negotiations in which the alleged oral contract was made ocurred in either 1997 or 1998. In either case, the suit on the oral contract should have been filed by 2004. Interactive's position is that the statute of limitations cannot apply because Defendants used deliberate means to keep it from finding out the actual amount of alleged overcharge. But, the testimony of both Traci Shaw, Interactive Accounting Manager, and Keith Midkiff, Interactive Vice President of Finance, establish that Interactive knew that exchange rates were available in the *Wall Street Journal* or a website. Under these facts, if there was a problem

---

[1]Defendants moved *in limine* to exclude the testimony of Interactive's expert, William Easton ("Easton"), under Federal Rule of Evidence 702, and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). On October 19, 2007, the Court held a hearing on that matter. After hearing the arguments of the parties, the Court can only conclude that it should not consider Easton's testimony because he does not have the qualifications necessary to opine about the existence of a fiduciary relationship between a bank and its customers and because his testimony is speculative. Defendants' Motion *in Limine* Re Testimony of William Easton is **GRANTED**.

with any oral contract related to exchange rates, it could or should have been known long before the statute of limitations ran out.  For this reason, KeyBank's Motion for Summary Judgment on Count V is **GRANTED**.

## D.  REMAINING MOTIONS

Based on the rulings contained herein, the Court finds the following motions **MOOT**: Interactive's Motion *in Limine* #1 Regarding Plaintiff's Code of Ethics (Docket No. 183); Interactive's Motion *in Limine* #2 Regarding Whether Plaintiff Informs Customers of Cost of Products or Sales (Docket No. 184); Interactive's Motion *in Limine* #3 Regarding the Exclusion of Testimony from Tom Simenic (Docket No. 185); Defendants' Motion *in Limine* Regarding Statements Made in Compromise Negotiations (Docket No. 194).

## II.  CONCLUSION

For the reasons stated herein, Plaintiff's, Interactive Intelligence, Inc., Motion for Partial Summary Judgment (Docket No. 152) is **DENIED**.  Defendants', KeyCorp and KeyBank National Association, Motion for Summary Judgment (Docket No. 149) is **GRANTED** and defendant's, Adam Ravens, Motion for Summary Judgment (Docket No. 153) is **GRANTED**.  Defendants', KeyCorp, KeyBank National Association, and Adam Ravens, Motion *in Limine* Regarding the Testimony of William Easton (Docket No. 197) is **GRANTED**.  The Court finds the following motions **MOOT**:  Interactive's Motion *in Limine* #1 Regarding Plaintiff's Code of Ethics (Docket No. 183); Interactive's Motion *in Limine* #2 Regarding Whether Plaintiff Informs Customers of Cost

of Products or Sales (Docket No. 184); Interactive's Motion *in Limine* #3 Regarding the Exclusion

of Testimony from Tom Simenic (Docket No. 185); Defendants' Motion *in Limine* Regarding

Statements Made in Compromise Negotiations (Docket No. 194).

IT IS SO ORDERED this 26th day of October, 2007.

_____
LARRY J. McKINNEY, CHIEF JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Kevin M. Boyle
OVERHAUSER LAW OFFICE
kboyle@overhauser.com

Paul B. Overhauser
OVERHAUSER LAW OFFICES
poverhauser@overhauser.com

Alan S. Brown
LOCKE REYNOLDS LLP
abrown@locke.com

Thomas E. Satrom
LOCKE REYNOLDS LLP
tsatrom@locke.com

Darren Andrew Craig
LOCKE REYNOLDS LLP
dcraig@locke.com

Dennis Scott Schell
OVERHAUSER LAW OFFICE
dschell@overhauser.com

Jeffrey R. Gaither
BOSE MCKINNEY & EVANS, LLP
jgaither@boselaw.com

Jeffrey N. Wilens
LAKESHORE LAW CENTER
jeff@lakeshorelaw.org